| | |
|---|---|
| 1 | HEATHER E. WILLIAMS, CA Bar #122664 |
|   | Federal Defender |
| 2 | REED GRANTHAM, CA Bar #294171 |
|   | Assistant Federal Defender |
| 3 | Office of the Federal Defender |
|   | 2300 Tulare Street, Suite 330 |
| 4 | Fresno, CA  93721-2226 |
|   | Telephone: (559) 487-5561 |
| 5 | Fax: (559) 487-5950 |
| 6 | Attorneys for Defendant |
|   | JAMES KEY III |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:25-cr-00172-KES-BAM |
|---|---|
| Plaintiff, | STIPULATION TO MODIFY CONDITION OF PRETRIAL RELEASE; ORDER |
| vs. | |
| JAMES KEY III, | |
| Defendant. | |

IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel, Assistant United States Attorney Jeff Spivak, counsel for plaintiff, and Assistant Federal Defender Reed Grantham, counsel for defendant James Key, that Condition (n) of Mr. Key's pretrial release, initially imposed on August 20, 2025, be modified in accordance with the below. Specifically, the parties agree that Condition (n), which currently provides that Mr. Key "execute a bond or agreement" for "[a] $100,000 property bond secured by the defendant's residence" be modified to state that he "execute a bond or agreement" for "[a] $100,000 property bond unsecured by the defendant's residence."

Mr. Key was charged via a criminal complaint in this matter on August 19, 2025, with a violation of 21 U.S.C. § 846. *See* Dkt. #1. Mr. Key made his initial appearance that same day, and a detention hearing was set for August 20, 2025. *See* Dkt. #3. Prior to the detention hearing,

Mr. Key was interviewed by a Pretrial Services officer and both an initial and supplemental pretrial services report were created. In its supplemental report, Pretrial Services recommended that Mr. Key "be released on a personal recognizance bond with Pretrial Services supervision." The conditions recommended by Pretrial Services included release to the third-party custody of Mr. Key's wife, Katie Key, and the imposition of additional conditions of release.

On August 20, 2025, the Court held a detention hearing and ordered Mr. Key released on conditions. *See* Dkt. #6. In ordering Mr. Key released, the Court imposed the conditions that had been recommended by Pretrial Services but also added several conditions, including that Mr. Key be subject to location monitoring at the home detention level, and that his release include a $100,000 property bond secured by Mr. Key and his wife's residence located in Eustis, Florida.

Following the detention hearing, counsel for Mr. Key began working with Mr. Key's wife to obtain the documentation necessary to proceed with the property bond, which included the original deed to the property, the most recent mortgage statement, and a money order to request a title search on the property. Counsel's office received the relevant documentation by September 2, 2025. On September 3, 2025, counsel received a report from an appraiser who appraised the Keys' property at $312,000. Based on the appraisal and the outstanding balances owed, the equity available in the property was determined to be $127,674.89. This information, including related documents, was provided to counsel for the government on September 4, 2025.

Thereafter, counsel's office attempted to prepare the new deed to reflect the lien from the Court in this matter. However, while attempting to do so, counsel's office learned that Florida is what is referred to as a "mortgage state" in that an individual's mortgage is the primary legal instrument for securing a real estate loan, rather than a deed of trust. By contrast, California is what is referred to as a "deed of trust state" in that a deed of trust is the relevant legal instrument to secure a real estate loan. Counsel's office thereafter contacted the Federal Defender's Office in the Middle District of Florida to attempt to determine how property bonds are effectuated there. Through conversations with several individuals in Florida who were aware of the bond procedures in federal court in Florida, counsel became aware that since Florida is a mortgage

1  state, counsel would be unable to apply a lien to the Keys' property as would be done in
2  California. This information was communicated to government counsel on September 17, 2025.
3  Government counsel also sought guidance from an Assistant United States Attorney at a United
4  States Attorney's Office in Florida who confirmed the above.
5      As set forth above, Mr. Key and his wife have established ownership of the property in
6  question and that the property has an available equity of $127,674.89. In light of the availability
7  of the equity in the property, the parties are in agreement to modify Condition (n) to indicate that
8  the bond may be executed by a $100,000 property bond unsecured by the defendant's residence.
9  In addition, Mr. Key and his wife will sign and execute the necessary appearance and
10 compliance bond in the amount of $100,000. Accordingly, the parties request that Condition (n)
11 be modified to state the following: "execute a bond or agreement to forfeit upon failing to appear
12 or failure to abide by any of the conditions of release, the following sum of money or designated
13 property: A $100,000 property bond unsecured by the defendant's residence." This language was
14 provided by the assigned Pretrial Services Officer who has no objection to this modification.
15     All other terms and conditions of Mr. Key's pretrial release, previously imposed, shall
16 remain in full force and effect.

Respectfully submitted,

ERIC GRANT
United States Attorney

Dated: September 29, 2025

/s/ Jeffrey Spivak
JEFFREY SPIVAK
Assistant United States Attorney
Attorney for Plaintiff


HEATHER E. WILLIAMS
Federal Defender

Date: September 29, 2025

/s/ Reed Grantham
REED GRANTHAM
Assistant Federal Defender
Attorneys for Defendant
JAMES KEY III

Key – Stipulation to Modify
Condition of Pretrial Release

-3-

1  **O R D E R**

2  IT IS SO ORDERED. The above term and condition of Mr. Key's pretrial release,
3  previously imposed on August 20, 2025, is hereby modified as set forth above. All other
4  conditions previously imposed remain in full force and effect.

6  IT IS SO ORDERED.

7  Dated: **September 29, 2025**    /s/ Erica P. Grosjean
8  UNITED STATES MAGISTRATE JUDGE